UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA D. FRANKLIN,

    Plaintiff,

v.                                                                 Case No. 3:22-cv-687-BJD-LLL

RON DESANTIS, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Joshua D. Franklin, an inmate of the Florida penal system, initiated this action pro se by filing a Complaint under 42 U.S.C. § 1983. See Doc. 1. As Defendants, Plaintiff names Governor Ron DeSantis; John or Jane Doe I, President of Garrison, Inc.; John or Jane Doe II, Director of Leon County Jail; and Clinton Lewis, Sheriff of Leon County. Id. at 2-3.

In his Complaint, Plaintiff alleges that in 2021, he received the COVID-19 vaccine, which "programmed [his] blood to be programmed and controlled by state and local officials." Id. at 4. According to Plaintiff, Defendants have used the program implanted by the COVID-19 vaccine to see through Plaintiff's eyes and "watch and vex" Plaintiff twenty-four-seven, in violation of his Fourth Amendment rights. Id. at 3. He contends that in September 2021, while housed at Leon County Jail, he discovered that the program or "machine"

also controls Plaintiff's central nervous system and immune system, resulting in Plaintiff suffering sexual harassment, verbal abuse, and physical abuse. Id. at 4. Plaintiff asserts that unknown people are communicating to him through the machine, trying to persuade Plaintiff to harm or kill himself. Id. at 5.

According to Plaintiff, while housed at Hamilton Correctional Institution, he tried to declare a psychological emergency because of these communications, but multiple officers responded by spraying Plaintiff with chemical agents and using excessive physical force in violation of his rights under the Eighth Amendment. Id. at 5. Plaintiff maintains he is suing Defendants in their supervisory capacities because Defendant DeSantis authorized the use of this unconstitutional machine, Defendant John or Jane Doe I is the President of the company that manufactured the machine, and the other Defendants failed to train or supervise the use of the machine.[1] Id. at 4-5. As relief, he seeks compensatory damages and injunctive relief. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language

---

[1] Plaintiff made similar allegations in his complaint filed in case number 3:22-cv-758-BJD-LLL, which this Court dismissed on July 13, 2022.

of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Unlike Rule 12(b)(6), the PLRA "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke v. Williams, 490 U.S.

3

319, 327 (1989)). Examples of "clearly baseless" contentions are those that can be described as "fantastic or delusional." Id.

Here, Plaintiff's Complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face," and all claims against the named Defendants can be described as fantastic.[2] See Iqbal, 556 U.S. at 678; Denton, 504 U.S. at 32.

Further, as to Defendants DeSantis and John or Jane Doe I, Plaintiff tries to hold these Defendants liable based on supervisory liability. Generally, under § 1983, a claim against a supervisory official must turn on something more than a theory of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). See also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). A claim against a supervisor is viable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. Absent direct involvement by a

---

[2] Examples of Plaintiff's fantastic assertions are that the COVID-19 vaccine implanted a program or machine that allows state and local officials to see through Plaintiff's eyes, control his central nervous and immune systems, and telepathically communicate.

4

supervisor—such as when the supervisor knows a subordinate will act unlawfully or adopts a policy that results in deliberate indifference to an inmate's constitutional rights—the requisite causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." See id.; Cottone, 326 F.3d at 1360.

Here, Plaintiff does not allege that Defendants DeSantis and John or Jane Doe I personally participated in administering the vaccine to Plaintiff. Further, while Plaintiff alleges that DeSantis authorized the use of the COVID-19 vaccine and John or Jane Doe I is the President of the company that manufactured the "machine," he does not allege that these Defendants had personal knowledge that a subordinate would act unlawfully, nor does he allege that Defendants issued a policy that the vaccine be used in the allegedly unlawful way described by Plaintiff. And Plaintiff fails to allege that there is a history of widespread abuse involving the COVID-19 vaccine. Notably, Plaintiff does not allege that the vaccine was forced upon him. Even if a non-defendant negligently administered the vaccine, allegations of negligence in rendering medical care do not state a claim under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

5

Finally, as for the alleged conduct that occurred at Hamilton Correctional Institution, Plaintiff has named no defendants responsible for any alleged violations arising from such conduct. Additionally, the as to Leon County Defendants John or Jane Doe II and Lewis, Leon County is located within the Northern District of Florida. If Plaintiff wishes to pursue any claims against those Defendants, he may refile the claims in the Northern District of Florida.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2022.

                                                                  BRIAN J. DAVIS
                                                                  United States District Judge

Jax-7
c:   Joshua D. Franklin